## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2017, 10:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Sturgeon
Clark County Public Defender's Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eric L. Moots,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 14, 2017

Court of Appeals Case No.
10A01-1706-CR-1279

Appeal from the Clark Circuit Court

The Honorable Vicki L. Carmichael, Judge

Trial Court Cause No.
10C04-1602-F4-11

**Crone, Judge.**

## Case Summary

[1] Eric Moots appeals the twelve-year sentence imposed by the trial court following his guilty plea to level 4 felony burglary. He contends that his sentence is inappropriate in light of the nature of the offense and his character. Concluding that he has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

## Facts and Procedural History

[2] Moots worked for his half brother, Jimmy Green. On January 26, 2016, Moots phoned Green and told him he was unable to make it into work. Moots asked his sister to drive him to Green's house so he could pick something up from Green's back porch. He walked back to the porch area, but he did not have anything with him when he returned to the car. Moots later returned to Green's house, kicked in the basement door, and ransacked the house. Moots knew where Green kept his guns, and he took three of them. He also unsuccessfully tried to break into Green's gun safe located in a closet. Moots caused damage to the doors of the home and the gun safe. While in jail, Moots confessed to a detective that he subsequently used one of the stolen guns to commit a bank robbery.[1] Appellant's App. Vol. 2 at 76.

[3] The State charged Moots with level 4 felony burglary, level 6 felony theft of a firearm, and being a habitual offender. Pursuant to a plea agreement, Moots

---

[1] The State charged Moots with level 3 felony robbery in a separate cause.

pled guilty to one count of level 4 felony burglary in exchange for dismissal of the other charges. Sentencing was left to the trial court's discretion. The trial court sentenced Moots to twelve years with three years suspended to probation. The court also gave Moots the option to participate in the Purposeful Incarceration program for the last two years of his executed sentence. This appeal ensued.

## Discussion and Decision

[4] Moots claims that his sentence is inappropriate and invites this Court to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id*. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. We consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of

the sentence is ordered suspended "or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007).

[5] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range for a level 4 felony is between two and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5. The trial court here imposed the maximum sentence of twelve years, with three years suspended to probation.

[6] Moots argues that the advisory sentence of six years would be more appropriate because there was nothing egregious about his offense. He points out that when he committed the burglary, nobody was present at the house and nobody was injured. Appellant's Br. at 7. Moots ignores, however, that the evidence indicates that this was a premeditated burglary of a family member's home, that he abused a position of trust, and that he caused property damage while doing so. The evidence also indicates that Moots's purpose in committing the burglary was to obtain a gun to use in a subsequent armed robbery. We are not persuaded that the nature of this offense warrants a sentence reduction. We remind Moots that the question is not whether another sentence might be *more*

appropriate; rather, the question is whether the sentence imposed is inappropriate. *See Fonner*, 876 N.E.2d at 344.

[7] In any event, we need look no further than his character to justify the sentence imposed. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017), *trans. denied*. Twenty-nine-year-old Moots has an extensive adult criminal history, including several felony convictions and several misdemeanor convictions in the span of only ten years.[2] Many of his convictions are similar to his current offense: he has been convicted of robbery, attempted robbery, theft, and unlawful possession of a firearm by a serious violent felon. He has been granted the leniency of probation on multiple occasions, only to violate that probation and have it revoked. Moots's refusal to alter his criminal behavior reflects very poorly on his character. Moreover, as noted above, he violated a position of trust when committing the current offense, and he used one of the stolen guns to commit yet another crime. Moots has not convinced us that his twelve-year sentence, a quarter of which has been suspended to probation, and two years of which may be served in Purposeful Incarceration, is inappropriate in light of the nature of the offense or his character.

---

[2] Although Moots's juvenile history "could not be added to [the Presentence Investigation Report] due to not being entered in Odyssey Case System," Moots reported that he had his first involvement with the criminal justice system at age eight, and the records from a 2008 presentence investigation revealed that he had at least eleven separate placements in juvenile delinquency facilities between the ages of thirteen and eighteen. Appellant's App. Vol. 2 at 64.

[8]     We note that as part of his Rule 7(B) character analysis, Moots argues that the trial court failed "to consider significant mitigating circumstances[.]" Appellant's Br. at 8. However, Moots conflates two different appellate arguments. An inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Nevertheless, even if the trial court had abused its discretion in its consideration of (or failure to consider) mitigating circumstances, reversal would not be necessary, because as we have already concluded, the sentence imposed is not inappropriate. *See Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (noting that "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied*. We affirm the sentence imposed by the trial court.

[9]     Affirmed.


Vaidik, C.J., and Mathias, J., concur.